IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGMAPHARM, INC., <br>     Plaintiff, <br><br> v. <br><br> MUTUAL PHARMACEUTICAL <br> COMPANY, INC., *et al.,* <br>     Defendants. | CIVIL ACTION NO. 12-2522 |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                         July 16, 2013

Plaintiff has filed a motion to remand this case to the Court of Common Pleas of Philadelphia County ("CCP"). Because this Court lacks subject-matter jurisdiction, the motion will be granted.

    **I.**     **BACKGROUND**[1]

On January 10, 2012, Plaintiff filed a Praecipe to Issue Writ of Summons in the CCP. On April 17, 2012, Plaintiff submitted a case management conference memorandum in connection with a status conference in the CCP, indicating that it intended to bring claims under the federal RICO statute when Plaintiff filed a complaint. Based on the memorandum, Defendants filed a notice of removal in this Court on May 8, 2012.[2] Plaintiff did not file a motion to remand at that time. On October 31, 2012, Plaintiff filed in this Court the Complaint, which alleges only state-law causes of action. On December 20, 2012, Plaintiff filed the motion to remand, which Defendants oppose.

---

[1] The Court is aware of prior related litigation among various parties to this case, but that litigation has no bearing on the question of remand in this case. The Court also notes that the Judicial Panel on Multidistrict Litigation determined by order filed March 29, 2013 that this case would not be transferred to MDL No. 2343. See In re: Skelaxin (Metaxalone) Antitrust Litig., MDL No. 2343 (J.P.M.L. filed Mar. 29, 2013).

[2] See Joint Status Report [Doc. No. 14].

## II. LEGAL STANDARD

Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447.[3] Section 1441 provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[4] The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[5]
After removal, a plaintiff may file a motion to remand based on either "any defect" in the removal petition or lack of subject matter jurisdiction.[6] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . ."[7] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[8] The relevant statutes are strictly construed in favor of remand.[9]

---

[3] The Court will cite to the 2011 Amendments to the removal statutes, which became effective on January 6, 2012. Plaintiff commenced suit by filing a writ of summons in the Court of Common Pleas of Philadelphia County on January 10, 2012.

[4] 28 U.S.C. § 1441.

[5] 28 U.S.C. § 1446(b)(1).

[6] 28 U.S.C. § 1447(c).

[7] 28 U.S.C. § 1447(c).

[8] Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

[9] See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

## III. DISCUSSION

There is no dispute that Plaintiff failed to file a motion to remand within 30 days of removal and that any objections to the method of removal have been waived, so that the only basis for remand is for lack of subject-matter jurisdiction. Defendants argue that federal jurisdiction existed at the time of removal because the conference memorandum stated an intent to file a complaint that would assert claims arising under federal law, and that the later filing of the Complaint does not divest the Court of subject-matter jurisdiction. The Court holds that it never had subject-matter jurisdiction in this case.

The Supreme Court has rejected a "narrowing construction of § 1447(c)'s unqualified authorization of remands for lack of 'subject[-]matter jurisdiction.' Nothing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance."[10] In other words, "a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand."[11] Defendants removed the action based upon the pretrial conference memorandum, but a pretrial conference memorandum is not a pleading, and no pleading filed by Plaintiff ever asserted a federal claim.[12] In this case, the existence of subject-matter jurisdiction could not be

---

[10] Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 230 (2007) (quoting 28 U.S.C. § 1447(c)).

[11] Id. at 232.

[12] In fact, removal on the basis of the memorandum was improper. The Court of Appeals for the Third Circuit has held that the "initial pleading" described in § 1446(b) is a complaint. Sikirica v. Nationwide Ins. Co.,416 F.3d 214, 223 (3d Cir. 2005) (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999)). The ruling has been interpreted in this District to mean that "removal is not proper until a complaint has been served on the defendants." Campbell v. Oxford Elecs., Inc., No. 07–0541, 2007 WL 2011484, at *2 (E.D. Pa. July 05, 2007). Accord Mattia v. Phila. Liberty Place, L.P., No. 13-0695, 2013 WL 1234732 (E.D. Pa. Mar. 27, 2013). The Court will not allow Plaintiff's failure to timely object to the improper removal to obscure the fact that this Court never had subject-matter jurisdiction.

determined until a complaint was filed, and as the Complaint alleges only state-law claims, this Court lacks jurisdiction.[13]

### IV. CONCLUSION

Because this Court lacks subject-matter jurisdiction, the motion to remand will be granted. An order will be entered.

---

[13] Although "postremoval events do not deprive federal courts of subject-matter jurisdiction," Powerex Corp., 551 U.S. at 232 n.1, there must be subject-matter jurisdiction in the first place. Cf. 28 U.S.C. § 1367 (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."). Here, no claims arising under this Court's original jurisdiction were pleaded. In the Third Circuit cases upon which Defendants rely, complaints alleging removable claims had been filed before removal, which is not the case here. Seawright v. Greenberg, 233 F. App'x 145 (3d Cir. 2007); Westmoreland Hosp. Ass'n v. Blue Cross of Western Pa., 605 F.2d 119 (3d Cir. 1979).